# GIBBONS

JOHN J GIBBONS FELLOWSHIP IN
PUBLIC INTEREST &
CONSTITUTIONAL LAW

HONORABLE JOHN J GIBBONS

LAWRENCE S LUSTBERG
DIRECTOR

ANA ISABEL MUÑOZ *
AVRAM D FREY **

Gibbons P C
One Gateway Center
Newark, New Jersey 07102-5310
Direct (973) 596-4500

* Admitted to NY Bar Only
** Admitted in NY and TN

```
USDC SL
DOCUM[E]
ELECT[?]    \I!LY FILED
DOC #:
DATE FILED: 8/3/16
```

July 22, 2016

**FILED & SERVED ELECTRONICALLY**

Honorable Alvin K. Hellerstein
United States District Judge
500 Pearl Street
New York, NY 10007

[Handwritten annotation: Having reconsidered, I adhere to my previous order requiring a 3-sequence, rather than a 4-sequence schedule. If desired, a cross-motion can be deferred; it is not waived. 8-2-16 /s/ AKH]

Re: American Civil Liberties Union, et al. v. Department of Defense, et al.
Docket No. 15 CV 09317 (AKH)

Dear Judge Hellerstein:

Counsel are in receipt of Your Honor's Memo Endorsement dated July 1, 2016, in which the Court altered the briefing schedule agreed upon by the parties. Specifically, instead of a process upon which the parties had agreed, pursuant to which the Government would file its motion for summary judgment; Plaintiffs would respond to that and cross-move; the Government would respond to the cross-motion and reply; and Plaintiffs would then do a final reply, we see that the Court has required the parties to simultaneously cross-move for summary judgment.

We understand Your Honor's desire to keep the case moving by providing for simultaneous cross-motions, but respectfully request that the Court reconsider the process that it has put in place. The reason to do so is this: unlike some other FOIA litigation before Your Honor, this is not a case where issue is already joined, allowing the parties to simultaneously cross-move. Indeed, it is Plaintiffs' view that it will be impossible for us to move for summary judgment since we do not and cannot know the basis for the Government's claimed exemptions until the Government moves and we have had an opportunity to review its motion papers. It is only then that Plaintiffs can possibly cross-move.

The process jointly proposed by the parties reflected this consideration, but did so in a manner that did not engender any meaningful delay. Indeed, the schedule ordered by the Court will result in briefing being closed only a little more than three weeks earlier than that proposed by counsel (and even that difference is due to the intervention of the Thanksgiving holiday). Of course, there may be no delay whatsoever depending upon when oral argument is held and a decision rendered by the Court. By contrast, the schedule proposed by Your Honor could potentially require additional motion practice before the matter is finalized.

GIBBONS P.C.

Honorable Alvin K. Hellerstein
July 22, 2016
Page 2

      For these reasons, both parties respectfully request that the Court reconsider its Memo endorsement of July 1, 2016 and instead enter the Order proposed in the Government's letter to Your Honor dated June 30, 2016 – i.e., the Government would move on September 19, 2016; Plaintiffs would respond and cross-move on October 17, 2016; the Government would file opposition and reply papers on November 9, 2016; and Plaintiffs would file their final reply on the cross-motion on December 5, 2016. The schedule is an expedited and ambitious one, but the parties worked well and collegially to arrive at it. We hope that, with the benefit of the explanation above, which we apologize for not having provided earlier, the Court agrees.

      Of course, if Your Honor has any questions or concerns with regard to this letter, please let me know and I will arrange for a call with both parties. Thank you for your kind consideration of this request.

Respectfully yours,

/s/ Lawrence S. Lustberg

Lawrence S. Lustberg

cc:    Tara LaMorte, Assistant U.S. Attorney
         Sarah Norman, Assistant U.S. Attorney
         Dror Ladin, Esq.
         Jameel Jaffer, Esq.
         Beth Haroules, Esq.

Judge wrote:

"Having reconsidered, I adhere to my previous order requiring a 3-sequence, rather than a 4-sequence schedule. If desired, a cross-motion can be deferred; it is not waived.

8-2-16
Alvin K. Hellerstein"