JOHN J. GIBBONS FELLOWSHIP IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

HONORABLE JOHN J. GIBBONS

LAWRENCE S. LUSTBERG
DIRECTOR

AVRAM D. FREY
J. DAVID POLLOCK

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4500

June 9, 2017

<u>Via ECF</u>

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York  10007

      RE:   *ACLU et al. v. Department of Defense et al*,
            <u>Case No. 1:15-cv-09317-AKH</u>

Dear Judge Hellerstein:

      Please accept this letter on behalf of Plaintiffs in response to the Government's letter of June 1, 2017 in the above-referenced matter.  The Government argues that a recent decision in *Salim v. Mitchell*, No. CV-15-0286-JLQ (E.D. Wash.), is new and relevant authority with respect to its assertion that Exemption 5—and specifically, the deliberative process privilege—applies to one of the documents at issue (Document No. 66) in this case.  In particular, the Government contends that the United States District Court in *Salim* withheld the very same document based upon the deliberative process privilege.  While that is true, the Court's ruling did not confront or decide the specific legal arguments raised here.  That is because in *Salim*, Plaintiffs did not request Document No. 66—Defendants did.  Accordingly, Plaintiffs did not raise the argument in *Salim* that they have presented to this Court, *see* ECF No. 57 at 8-9; ECF No. 70 at 9-11: that Document No. 66 is a narrative record of prior decisions that was not assembled as part of any agency decisionmaking process.  Nor did Plaintiffs, who again were not the movants, argue to the *Salim* Court, as they have here, *see id.* at 9-10, that Document No. 66 did not form an essential link in any consultative process, as the law requires.  Based upon these principles, not only is the recent decision of the United States District Court in *Salim* with regard to Document No.

GIBBONS P.C.

**Honorable Alvin K. Hellerstein, United States District Judge**
June 9, 2017
Page 2

66 not binding here, since all of the pertinent arguments were not made, but also, for the reasons previously argued by Plaintiffs in this matter, that document may not be withheld as a matter of Second Circuit law.

It should, in that regard, be noted that, in advancing the position it does, the Government fails to mention that the *Salim* decision also ruled on another document at issue in both cases, Document No. 9 (which is Document No. 157 in *Salim*). With regard to that document, the *Salim* Court ordered disclosure because the document is "operational rather than predecisional" and thus does not fall within the deliberative process privilege. *Salim v. Mitchell*, No. 16-MC-0036-JLQ (E.D. Wash. May 31, 2017), ECF No. 188 at 13. Significantly, and by contrast with Document No. 66, the same party argued against disclosure of Document No. 9 in both cases—the Government. Plaintiffs, thus, agree with the Government that *Salim* is new and relevant authority, but respectfully submit that the *Salim* decision undermines rather than supports the Government's Exemption 5 assertion, at least with respect to Document No. 9 in this case, the disclosure of which should be ordered here, as Plaintiffs have argued. *See* ECF No. 57 at 17-18; ECF No. 70 at 17-18.

Thank you for your kind consideration of this matter.

Respectfully submitted,

s/ Lawrence S. Lustberg
Lawrence S. Lustberg

cc:   All counsel of record via ECF