UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

AMERICAN CIVIL LIBERTIES UNION and
THE AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                Plaintiffs,

      v.

DEPARTMENT OF DEFENSE, DEPARTMENT
OF JUSTICE, including its components the
OFFICE OF LEGAL COUNSEL and OFFICE OF
INFORMATION POLICY, DEPARTMENT OF
STATE, and CENTRAL INTELLIGENCE
AGENCY,

                Defendants.

---------------------------------------------------------------- x

: **ORDER GRANTING
SUMMARY JUDGMENT FOR
DEFENDANTS WITH
RESPECT TO DOCUMENT 1,
UPHOLDING EXEMPTIONS**

15 Civ. 9317 (AKH)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/17

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Oral argument on the Government's motion for summary judgment was held on

March 29, 2017. During the *ex parte* portion of that hearing, I made preliminary rulings for all

but two of the documents at issue, Documents 10 and 66, and reserved judgment on those two

documents. A partially-redacted transcript of the *ex parte* session was provided to plaintiffs on

March 30, 2017, in the interest of providing as much of a public record as possible. Document 1,

a Memorandum of Notification issued by President George W. Bush on September 17, 2011,

was considered by the Government to be particularly sensitive. My preliminary ruling with

regard to that document, holding it exempt from disclosure under Exemptions 1 and 3, was

redacted because of the concern that my ruling would reveal classified information.

      Because of the importance and sensitivity of this document, I allowed for time to

pass before reviewing the document a second time. On July 26, 2017, I conducted this additional

review, and on July 27, 2017, I held a second *ex parte* session with the Government in my

chambers, at which I delivered my final rulings with respect to Document 1, providing a more

detailed, public explanation for that decision. The transcript of the July 27 session, which is

attached to this Order as Appendix A, contains no redactions, and serves as my final ruling with

respect to Document 1.

An opinion addressing the remaining documents at issue, including Documents 10

and 66, will be forthcoming.

SO ORDERED.

Dated:     July **31**, 2017
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

# Appendix A

H3r6amec

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    AMERICAN CIVIL LIBERTIES
     UNION, et al.,
4
                    Plaintiffs,
5
                 v.                      15 CV 9317 (AKH)
6
     THE DEPARTMENT OF DEFENSE, et
7    al.,

8                   Defendants.

9    ------------------------------x
                                         New York, N.Y.
10                                       July 27, 2017
                                         12:00 p.m.
11
     Before:
12
                    HON. ALVIN K. HELLERSTEIN,
13
                                         District Judge
14
                            APPEARANCES
15
     JOON H. KIM
16        Acting United States Attorney for the
          Southern District of New York
17   BY:  SARAH NORMAND
          Assistant United States Attorney
18
     ALSO PRESENT:  Michael Sochynsky, law clerk
19

20

21

22

23

24

25

1        (In chambers)

2        THE COURT: This is an ex parte *in camera* session

3   convened pursuant to my request. Present is Sarah Normand, who

4   is representing the government; my law clerk, Michael

5   Sochynsky, who has been cleared for all but the particular

6   document in issue; and the court reporter, who is not cleared

7   to read the particular document. The reporter who is cleared

8   is not available today. However, my rulings will not describe

9   the document, except that which already has been used to

10  describe it publically.

11       Therefore, after having discussed the particular issue

12  with Ms. Normand, we thought it appropriate to issue these

13  rulings publically but subject to a caveat without the need to

14  exclude my law clerk and to use Ms. Thun as the reporter. The

15  caveat is that although I intend this to be public, the

16  government wishes 24 hours to review the transcript to make

17  sure that there has been no error in allowing it to be public.

18  Therefore, the government has leave to make that review and to

19  make whatever application it thinks fit by, let us say, the

20  close of business Monday.

21       MS. NORMAND: Thank you, your Honor.

22       THE COURT: This proceeding came about because I

23  wanted to delay issuing my opinion on the rulings I made when I

24  last heard this case on March 29th, 2017. Because of the

25  importance of the various rulings I made in respect to the

1    importance of the documents I reviewed, I wanted time to ask so

2    that the initial responses I made would have time to sit and I

3    could then as necessary conduct additional reviews.  To that

4    end I asked Ms. Normand if she would bring to chambers the

5    particular document, which we are discussing now, the

6    presidential memorandum of notification, which has been argued

7    by the government to qualify as exempt from production.

8         Regarding this document, the government states that it

9    made certain findings and authorized the CIA to capture and

10   detain terrorists, and in the amended Vaughn Index exemptions

11   were justified on the argument that the material was properly

12   classified because it reflects intelligence sources and

13   methods.  The government stated that the memorandum of

14   notification was a highly classified and extraordinarily

15   sensitive document.  In a document submitted to me *in camera* --

16   may I identify the declaration?

17        MS. NORMAND:  Yes.

18        THE COURT:  -- Ms. Shiner's declaration, the

19   government states that its identification was sufficient

20   because the very description of the document would necessarily

21   disclose the classified information it seeks to protect.

22        ACLU argued that the government did not sufficiently

23   justify its withholding under Exemptions 1 and 3 with

24   reasonable specificity and without resort to conclusory and

25   generalized allegations of exemption.  The ACLU argued that the

H3r6amec

1   Court is required to require the agency to create as full a

2   public record as possible concerning the nature of the

3   documents and the justification for nondisclosure.

4   Furthermore, *in camera* affidavits should be discouraged because

5   of their negative impact on the effective functioning of the

6   adversarial system.  The ACLU argued that it did not have a

7   meaningful opportunity to challenge the grounds for withholding

8   set out in an affidavit it could not see and the ACLU argued

9   that there already is in the public sphere a more detailed

10  description of this same memorandum of notification.

11           In related litigation, 04-cv-4151, there is the Dorn

12  declaration found at Docket NO. 226 at paragraph 67, in which

13  the government identified the length of the document, the fact

14  that the author of the document was the President, to whom the

15  document was distributed, who authored the 2-page cover

16  memorandum, and the substance of the memorandum generally.

17  Additionally, the Senate Report quoted a sentence from the

18  memorandum of notification and the citation is Docket No. 53-22

19  at page 36 as follows:  "On September 17, 2001, President Bush

20  issued a memorandum of notification that authorized the CIA,

21  among other things -- and there is something redacted -- to

22  conduct operations designed to capture and detain persons

23  posing continuing serious threats of violence or death to U.S.

24  persons of interest or who are planning terrorists activities.

25  In light of this, the ACLU argued that the government's

1   assertion of confidentiality is more tenuous particularly given

2   that it is not explained why these descriptions from the prior

3   case could be more detailed in the current description.

4       Having all this in mind, I reviewed the memorandum of

5   notification with only Ms. Normand present.  Ms. Normand did

6   not make any arguments whatever.  She simply brought the

7   document to my chambers and I reread it.  Having reread it and

8   having revisited the justifications given, I find that it was

9   properly classified.  Exemption 1 provides that if a matter is

10  specifically authorized under criteria established by an

11  executive order to be kept secret in the interest of national

12  defense or foreign policy and it is in fact classified pursuant

13  to such executive order, it may be exempt from production.

14      Executive Order No. 13526 dated December 29, 2009 sets

15  out four criteria for the classification of nationality

16  security information:

17      1:  An original classification of clarity must have

18  classified the information;

19      2:  The information must be owned by or produced by or

20  for or under the control of the United States government;

21      3:  The information must fall within one or more of

22  the categories of information set out in Section 1.4 of

23  Executive Order No. 13526; and

24      4:  The original classification authority must have

25  determined that unauthorized disclosure of the information

1 reasonably could be expected to result in damage to the
2 national security.

3 . The original classification of clarity must also be
4 able to identify or describe the damage. That is Executive
5 Order No. 13526 found at 75 FR 707 (December 29, 2009). The
6 reference the Section 1.4 of Executive Order NO. 13526 in turn
7 lists the following categories of information -- I will read
8 just the two that are applicable here. Subparagraph C provides
9 that it covers intelligence activities, including covert
10 action, intelligence sources or methods or cryptology.
11 Subparagraph D provides that exemptions applied to foreign
12 relations or foreign activities of the United States, including
13 confidential sources. After having reviewed the document, it
14 is clear to me that the document should be exempt under both
15 these categories. I don't think it is necessary for me to
16 describe the reasons why that would be so because that would be
17 giving away the document itself and I don't plan to have any
18 sealed supplement to this that does that. The document speaks
19 for itself.

20 The government also seeks exemption under Exemption 3,
21 which covers matters exempt from disclosure by statute other
22 than Section 552(b) of this title. If the statute requires
23 that the matters be withheld from the public in such a manner
24 as to leave no discretion on the issue or establishes
25 particular criteria for withholding refers to particular types

1   of matters to be withheld and if enacted after the date of

2   enactment of the open FOIA Act of 2009 and specifically cites

3   to this paragraph.  That is 5, U.S.C., Section 552(b)(3).  The

4   government has identified the National Security Act and the CIA

5   Act as statutes qualifying under Exemption 3.  The ACLU does

6   not dispute that these qualify under Exemption 3 statutes, but

7   instead argues that the government failed to satisfy its burden

8   with respect to both Exemptions 1 and 3 through the conclusory

9   and generalized nature of its submission.

10          In this sense, the government's argument that a better

11  identification would divulge too much of the document is

12  accepted.  The public information, including the information

13  that became public in this case and other cases and the Senate

14  Report are sufficient to identify the document.  That was held

15  by the Second Circuit in 2014 in the case of *N.Y. Times Co. v.*

16  *U.S. Dep't of Justice*, 758 F.3d 436, 440.  "We agree with the

17  District of Columbia Circuit that when the itemization and

18  justification letters are themselves sensitive to place them on

19  public record can damage security in precisely the way that

20  FOIA Exception 1 is intended to prevent."  Accordingly for

21  these reasons, I hold that the government properly classified

22  the memorandum of notification, each of the criteria set out in

23  the relevant executive order and statute have been satisfied

24  and the government need not disclose the document.

25          Now, I would like also to pass on one more

1   justification used by the government, namely, that the document

2   reflects a presidential communication.  In my judgment that

3   reason for exception, a species of executive privilege, does

4   not extend to documents that are themselves authorizations for

5   action, and this memorandum of notification was and is

6   considered as an authorization for action.  Accordingly, I hold

7   that the presidential privilege covering presidential

8   communication does not apply to this document.  That is my

9   ruling.  I don't think anything is deserving of classification

10   here.  It should be public, but Ms. Normand will be given until

11   Monday to review the transcript and make such applications as

12   the government deems just and proper.

13              MS. NORMAND:  Thank you your Honor.

14              THE COURT:  Thank you.

15                              -o-

16

17

18

19

20

21

22

23

24

25